```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION


SAMMIE EARL POWELL,               :
                                  :
      Plaintiff,                  :
                                  :
v.                                :      CIVIL ACTION 06-0350-M
                                  :
MICHAEL J. ASTRUE,[1]             :
Commissioner of                   :
Social Security,                  :
                                  :
      Defendant.                  :
```

<u>MEMORANDUM OPINION AND ORDER</u>

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (SSI).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 17).  Oral argument was heard on February 22, 2006.  Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further administrative action.

---

[1]Effective February 1, 2007, Michael J. Astrue was confirmed by the Senate to serve as the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born March 25, 1956. At the time of the second administrative hearing,[2] Powell was forty-nine years old, had completed a ninth-grade education (Tr. 243), and had previous work experience as a construction laborer (Tr. 244). In claiming benefits, Plaintiff alleges disability due to chronic musculoskeletal pain; cervical and lumbosacral radiculopathy; cervical degenerative disc disease, muscle dystrophy of the left dominant arm, peripheral artery disease, ascites, and liver cirrhosis (Doc. 11 Fact Sheet).

The Plaintiff filed applications for disability benefits and SSI on June 12, 2002 (Tr. 57-60, 115-16). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although he could not perform his past relevant work, Powell could perform specific jobs at the medium-level of

---

[2]A complete case history, up until the point of the second hearing, can be found at Tr. 19.

work (Tr. 16-25).  Plaintiff requested review of the hearing decision (Tr. 14-15) by the Appeals Council, but it was denied (Tr. 6-8).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Powell alleges that the ALJ posed an incomplete hypothetical question to the vocational expert (hereinafter *VE*) who testified (Doc. 11).  Defendant has responded to—and denies—this claim (Doc. 12).

Plaintiff claims that the ALJ posed an incomplete hypothetical question to the vocational expert who testified.  The Eleventh Circuit Court of Appeals has held that an ALJ's failure to include severe impairments suffered by a claimant in a hypothetical question to a vocational expert to be reversible error where the ALJ relied on that expert's testimony in reaching a disability decision.  *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985).

The evidence shows that Dr. Raymond L. Bell performed a consultative examination on August 3, 2004 (Tr. 182-89).  The report from that visit stated that Powell had "present[ed] himself to the office with a cane and stated that it helps him balance when walking" (Tr. 183).  Dr. Bell found that Plaintiff "ambulates with somewhat of a limp favoring the ride side.  He uses a cane to assist with ambulation" (*id.*).  The doctor's impression, in his summation, was that the cane was used for balance as opposed to "significant weakness in the lower extremities" (Tr. 184).  Bell wrote that Powell was "disabled due

3

to chronic M-S pain" (Tr. 185).  In a social security form, the doctor again reiterated Plaintiff's use of the cane for balance (Tr. 189).  The ALJ summarized Dr. Bell's examination findings, but made no mention of the cane or its use for balancing (*see* Tr. 22).

At the hearing, the ALJ, after taking testimony, posed the following hypothetical to the VE:

> Okay.  Assume I find a hypothetical individual, the same age as Mr. Powell with the same education level and vocational history and assume further I find the following additional limitations:  That this hypothetical individual can perform a full range of light work with mild or moderate postural limitations, mild to moderate manipulative limitations with environmental limitations, would be avoiding fumes and extremes of heat and cold, as is machinery, no mental limitations.  Given those limitations, in your opinion, would this hypothetical person be able to perform any of the work which Mr. Powell previously performed?

(Tr. 269).  The VE answered no and, upon further questioning, listed several types of jobs that Powell could perform (*id.*).  Immediately thereafter, the following exchange took place on cross-examination between Plaintiff's attorney and the VE:

> Q:  Mr. Cowart, assuming that the person ambulated with a cane for balance, would that affect his ability to do the types of jobs that you've described?
>
> A:  It would.
>
> Q:  And how would that impact?
>
> A:  It would—all of these jobs would require

4

> the individual to work with both hands while
> on their feet.  So if an individual needed
> the cane for balance, he could do none of
> these jobs and would, in fact, be relegated
> to sedentary labor.

(Tr. 270).  The ALJ summarized the VE's testimony that was responsive to the questions he posed while failing to acknowledge this query of Powell's attorney (Tr. 23).[3]  The ALJ went on to find, based on the VE's testimony, that Powell was not disabled (Tr. 24).

The Court notes at the outset that the ALJ did not state what weight he was giving Dr. Bell's findings and opinions.  The ALJ is required to "state specifically the weight accorded to each item of evidence and why he reached that decision." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).  Since the ALJ did not state that he was rejecting Dr. Bell's finding that Powell needs a cane for balancing, his determination that Plaintiff can work at the specific jobs he listed is inconsistent with the VE's testimony.  On that basis, the Court must find that the ALJ's conclusions are not supported by substantial evidence.

Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence as to Plaintiff's ability to stand and walk without

---

[3]The ALJ did reject Powell's attorney's last hypothetical with regard to pain (Tr. 33).  The ALJ, nevertheless, failed to address the hypothetical with regard to Plaintiff's balance.

an assistive device.  Judgment will be entered by separate order.

DONE this 23rd day of February, 2007.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
