```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

SAMMIE E. POWELL,                        :
                                         :
    Plaintiff,                           :
                                         :
vs.                                      :   CIVIL ACTION 06-0350-M
                                         :
MICHAEL J. ASTRUE,                       :
Commissioner of                          :
Social Security,                         :
                                         :
    Defendant.                           :

## MEMORANDUM OPINION AND ORDER

This action is before the Court on Plaintiff's attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 26) and Defendant's Response to Plaintiff's Petition for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(b), in which he notifies the Court that he does not oppose the Motion (Doc. 27).  After consideration of all pertinent materials in the file, it is **ORDERED,** without objection by the Government, that Plaintiff's attorney's Motion for an Award of Attorney Fees be **GRANTED** and that Plaintiff's attorney, Rose A. McPhillips, be **AWARDED** a fee of $6,739.50 for her services before this Court and that Ms. McPhillips pay to Plaintiff the sum of $2,800.00, which sum represents the fee previously awarded pursuant to the Equal Access to Justice Act (EAJA).

Plaintiff hired Ms. McPhillips to pursue his claims for disability insurance benefits and Supplemental Security Income

(SSI) after his claims were denied initially and at the hearing level.  It was agreed that Ms. McPhillips would receive twenty-five percent of past-due benefits paid to Plaintiff.  A written contingent fee agreement was executed by Plaintiff on October 4, 2000 (attachment to Doc. 26).

    For the past approximately 9 years and 2 months, counsel has prosecuted Plaintiff's claims before both the Social Security Administration (SSA) and this Court.  On June 12, 2002, Plaintiff filed an application for a period of disability and Disability Insurance Benefits, which application was denied initially on August 16, 2002, and at the hearing level on June 9, 2003.  Plaintiff appealed the decision on June 19, 2003.  On April 1, 2004, the Appeals Council remanded the case for review of additional evidence.  On March 30, 2005, a hearing was held and an unfavorable decision entered on June 23, 2005.  That decision was appealed on August 22, 2005, and the Appeals Council denied review on April 12, 2006.  Counsel commenced a civil action on behalf of Plaintiff in this Court on June 6, 2006 (Doc. 1).

    On January 18, 2007, the parties filed a Consent to the Exercise of Jurisdiction by a United States Magistrate Judge (Doc. 16) and, by Order that same date (Doc. 17), Judge Steele referred this action to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c)

2

and Fed.R.Civ.P. 73.

On February 23, 2007, the undersigned Judge entered a Memorandum Opinion and Order and Judgment in which the decision of the ALJ was reversed and this action remanded for further administrative proceedings not inconsistent with the Orders of this Court (Docs. 18, 19).  Upon remand, the ALJ rendered a fully favorable decision on November 14, 2007, finding Plaintiff disabled.

Counsel for Plaintiff states that the amount of $12,039.50, representing twenty-five percent of Plaintiff's past-due benefits, was withheld for payment of authorized attorney fees (Doc. 26). Ms. McPhillips has received $5,300.00 in administrative attorney fees and, in the instant Petition, she requests a fee in the amount of $6,739.50 for her services before this Court.  When added together, these sums equal twenty-five percent of Plaintiff's past-due benefits, which is consistent with the agreement between McPhillips and Plaintiff.

On January 15, 2009, Ms. McPhillips filed the pending Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) for her services before this Court, requesting approval of a fee in the amount of $6,739.50.  Ms. McPhillips spent a total of 25.5 hours before this Court and has represented Plaintiff before this Court since 2006, when the complaint for judicial review was filed,

without compensation for her time spent before this Court. Defendant has no objection to the requested fee (Doc. 27).

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).[1]  The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits."  Ibid. Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum."  Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir. 1985)(citations omitted)(emphasis in

---

[1] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)."  Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

4

original); see Meyer v. Sullivan, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Act is limited to twenty-five percent of the past-due benefits awarded).

Eleventh Circuit precedent, see Kay v. Apfel, 176 F.3d 1322 (11th Cir. 1999), abrogated by Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817(2002)(decided May 28, 2002), previously required the "lodestar" method, under which the number of hours reasonably devoted to the action was multiplied by a reasonable hourly fee, to be the starting point and centerpiece for the courts in calculating reasonable § 406(b) fees.  The existence of a contingent-fee agreement was just one of a number of different factors to be considered in adjusting the lodestar amount upward or downward.  Id. at 1327.

The Supreme Court in Gisbrecht, in resolving the division among the circuits on the appropriate method of calculating fees under § 406(b), concluded that Congress designed § 406(b) to control, not to displace, fee agreements between Social Security benefit claimants and their counsel, Id. at 1817, and that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to

assure that they yield reasonable results in particular cases". Id. at 1828.  Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding twenty-five percent of the past-due benefits.  Within the twenty-five percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.  Id. at 1828.

The fees provided for in 42 U.S.C. § 406(b) are in addition to those provided in § 406(a), which states that the Commissioner may award attorney's fees, to a successful claimant's attorney for work performed before the Social Security Administration.  Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fees a claimant's attorney may receive pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(EAJA), if the Commissioner's position before the Court was not "substantially justified."  Gisbrecht, 122 S.Ct. at 1822.

In order to avoid a double recovery of attorney's fees, a claimant's attorney who is awarded attorney's fees under § 406(b) and the EAJA must refund the lesser amount to his or her client. Id. at 1822.  By Memorandum Opinion and Order and Judgment entered May 23, 2007 (Docs. 21, 22), the Commissioner was ordered to pay Plaintiff the amount of $2,800.00 in fees pursuant to EAJA.  In the instant petition, Ms. McPhillips requests the Court to include

in its order a provision that she pay to Plaintiff the sum of $2,600.00, which sum represents the fee awarded under EAJA, less $200.00 for 1.6 hours attorney time in preparation of the EAJA fee petition, which the Court is not inclined to do.  No legal authority has been cited for this request.  An attorney's fee awarded under 42 U.S.C. § 406(b) is subject to a dollar-for-dollar offset by the previous attorney's fees awarded under EAJA, which in this instance is $2,800.00.  If the Court reduced the amount of the EAJA fee paid to Plaintiff, the amount of fees paid to Plaintiff's attorney would exceed twenty-five percent of the past-due benefits and be contrary to the contingency fee agreement.

The Supreme Court in Gisbrecht did not set out the specific factors that the district courts are to consider when reviewing fees yielded by a contingent-fee agreement but it did cite with approval the opinions of courts in several circuits that give effect to the contingent-fee agreements, if the resulting fee is reasonable.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. See, e.g., McGuire V. Sullivan, 873 F.2d 974, 983 (C.A.7 1989) ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of

7

>its terms."); Lewis v. Secretary of Health and Human Servs., 707 F.2d 246, 249-250 (C.A.6 1983)(instructing reduced fee when representation is substandard).  If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.  See Rodriquez v. Bowen, 865 F.2d 739, 746-747 (C.A.6 1989).  If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.  See id., at 747 (reviewing court should disallow "windfalls for lawyers"); Wells v. Sullivan, 907 F.2d 367, 372 (C.A.2 1990)(same).  In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.  See Rodriquez, 865 F.2d at 741.  Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

122 S.Ct. at 1828-1829.

   A contingent-fee arrangement is unreasonable where the contingency percentage is over the twenty-five percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney.  Wells, 907 F.2d at 372.  A district court, upon finding the contingent-fee agreement provides for an

unreasonable fee, may reduce the fee provided it states reasons for and the amount of the reduction.  Id. at 372.

Therefore, it appears that the Supreme Court intends the district courts to give great deference to the contingent-fee agreements and to uphold them if the fees produced by them are reasonable.  Factors that may be considered in reviewing for reasonableness are (1) the character of representation; (2) the result achieved by the attorney; (3) any delay caused by the attorney; (4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; (5) fraud or overreaching in making the agreement and (6) the requested fee does not exceed twenty-five percent of past-due benefits.

After reviewing the fee petition and the file, including Defendant's response, in light of the guidance provided by Gisbrecht and the opinions cited above, the Court finds that Ms. McPhillips has diligently represented Plaintiff since 2006 in this Court and has been successful in obtaining past-due benefits for Plaintiff.  There is no evidence that Ms. McPhillips contributed to any undue delay in this action, either before the Commissioner or before this Court, nor evidence of any fraud or overreaching in procuring or making the contingent-fee agreement.  Plaintiff has signed a fee agreement, in which he agrees to the

fee of twenty-five percent of past-due benefits.  The total fee requested does not exceed twenty-five percent of past-due benefits and comports with Plaintiff's contingent-fee agreement with his attorney.  The requested fee is not so large as to be a windfall or unreasonable.  The Court finds that the requested fee of $6,739.50 is reasonable for the services rendered before this Court and does not exceed twenty-five percent of Plaintiff's past-due benefits.

Therefore, it is **ORDERED**, without objection from Defendant, that Plaintiff's attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) be and is hereby **GRANTED** and that Plaintiff's attorney be and is hereby **AWARDED** a fee in the amount of $6,739.50 for her services before this Court.  It is **FURTHER ORDERED** that Ms. McPhillips pay to Plaintiff the sum of $2,800.00, which sum represents the EAJA fee previously awarded.

DONE this 4th day of December, 2009.

>                    s/BERT W. MILLING, JR.
>                    UNITED STATES MAGISTRATE JUDGE